254 N.J. Super. 249 (1991)
603 A.2d 168
KOSTELANETZ, RITHOLZ, TIGUE & FINK, PLAINTIFFS,
v.
DR. VICTOR HIMMELWRIGHT, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided November 8, 1991.
*250 Joseph De Donato for plaintiffs (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys).
Michael Chazen for defendant (Hilton L. Stein, attorney).
ALLEY, J.S.C.
Kostelanetz, Ritholz, Tigue and Fink, a New York law firm, first represented defendant Victor Himmelwright in connection with an investigation by the Internal Revenue Service (IRS) for tax evasion, and then in an IRS audit of defendant for civil liability for unpaid taxes.
Kostelanetz, Ritholz, Tigue and Fink thereafter commenced this action to collect on Himmelwright's confession of judgment in connection with $15,896 in unpaid legal fees. Himmelwright responded by asserting the counterclaims which are the subject of this motion. These counterclaims allege that certain net operating losses (NOL'S) appeared on the face of Himmelwright's tax returns for 1978, 1979 and 1980, and the counter-claims assert liability on various theories arising from a claim that Kostelanetz, Ritholz, Tigue and Fink improperly failed to include these NOL's in 1987 negotiations with the IRS (and a resulting settlement with the IRS) concerning defendant's personal income tax liability for 1974 through 1977. In particular, Himmelwright accuses Kostelanetz, Ritholz, Tigue and Fink of not having "broached the subject of the net operating loss carrybacks during the settlement negotiations" in 1987.
*251 26 U.S.C.A. § 172(c) defines an NOL "as the excess of the deductions allowed by this chapter over gross income." 26 U.S.C.A. § 172(b) provides that NOL's may be carried back and applied against tax liability for the three years preceding the year giving rise to the NOL, and may be carried forward for 15 years following the year giving rise to the NOL.
Himmelwright claims that Kostelanetz, Ritholz, Tigue and Fink should have sought to have the NOL's that appeared on the face of his 1978 through 1980 tax returns applied to his settlement with the IRS relating to his outstanding tax liability for the years 1974 through 1977, and that the alleged failure to do so gives rise to legal malpractice. Kostelanetz, Ritholz, Tigue and Fink asserts that Himmelwright is barred under the doctrine of collateral estoppel from raising any claim relating to the NOL's as a result of the decision of the United States Tax Court in Himmelwright v. Commissioner, docket no. 5811-87 (May 3, 1989) (hereinafter "Himmelwright").
The Tax Court in Himmelwright rejected Himmelwright's attempt to utilize his tax returns for 1978 through 1980, the same years that show the NOL's in issue, to income average and reduce his tax liability for 1982. The Tax Court found there was "no credible evidence of [Himmelwright's] income for any of the base period years [1978, 1979, 1980, and 1981]."
Kostelanetz, Ritholz, Tigue and Fink now asserts that it is an essential element of Himmelwright's claim against it that Himmelwright show he could have utilized the NOL's to offset asserted tax deficiencies for the years 1974-1977. Further, Kostelanetz, Ritholz, Tigue and Fink also submits that, since the Tax Court has already found that there was no credible evidence to support the validity of the NOL's, Himmelwright is collaterally estopped from relitigating any issue involving the NOL's.
The doctrine of collateral estoppel bars relitigation of "questions distinctly put in issue" and "directly determined adversely to the party against which the estoppel is asserted." *252 Eatough v. Board of Medical Examiners, 191 N.J. Super. 166, 175, 465 A.2d 934 (App.Div. 1983). See also New Jersey-Philadelphia v. N.J.State, 654 F.2d 868, 876 (3 Cir.1981) (citing City of Plainfield v. Public Service Electric and Gas, 82 N.J. 245, 257-258, 412 A.2d 759 (1980). Mutuality of parties need not exist for collateral estoppel to apply (Eatough, 191 N.J.Super at 175, 465 A.2d 934), but it must be shown that:
(1) the issue decided in the prior adjudication was identical with the one presented in the subsequent action, (2) the prior action was a judgment on the merits, and (3) the party against whom it was asserted had been a party or in privity with a party to the earlier adjudication. [Allesandra v. Gross, 187 N.J.Super 96, 105, 453 A.2d 904 (App.Div. 1982) (quoting State v. Gonzalez, 75 N.J. 181, 189, 380 A.2d 1128 (1977))]
In opposing the motion, Himmelwright claims that, because the decision in Himmelwright was the determination of an issue involving income averaging and not NOL's, collateral estoppel does not apply. The collateral estoppel doctrine, however, bars relitigation of questions already decided. In Himmelwright, defendant relied on his tax returns for 1978 through 1981 to prove his income and deductions for those years to establish income averaging for the year 1982. The Tax Court found that there was "no other credible evidence of [Himmelwright's] ... taxable income for any of his base period years" and concluded that Himmelwright "did not sustain his burden of eligibility for income averaging." In this action, Himmelwright would have to rely on the same tax returns from 1978-1980 to prove legal malpractice on the part of Kostelanetz, Ritholz, Tigue and Fink. In doing so, he would have to rely on the same facts and legal principles which proved unsuccessful before the Tax Court. Having failed in the prior case to establish income and deductions for income averaging purposes, Himmelwright is barred from establishing income and deductions for NOL purposes in this case.
In sum, Himmelwright asks to be allowed to rely on his 1978-1980 income tax returns in this action to establish his income and deductions relative to the claimed NOL's, notwithstanding the prior ruling of the Tax Court. The Tax Court case was a *253 determination of income averaging and not NOL's, but that is of no moment here. The Tax Court found that Himmelwright's tax returns for the years 1978-1980 in question were unreliable. Those returns have already been "distinctly put in issue" and "directly determined" adversely against Himmelwright, see Eatough, supra, and Himmelwright is collaterally estopped from relitigating the same issue again.
Plaintiff's motion for summary judgment dismissing the counterclaims against it is hereby granted.